This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                                              **NO. A-1-CA-37306**

**ELLIE HUE OWENS**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A. Dean, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Martha Anne Kelly, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Caitlin C.M. Smith, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Chief Judge.**

{1}    Defendant Ellie Hue Owens appeals from his conviction for driving while under the influence of intoxicating liquor or drugs (DWI). This Court's calendar notice proposed to summarily remand on Defendant's ineffective assistance of counsel claim. The State filed a memorandum in opposition to the proposed disposition. We are not persuaded by the State's arguments and remand. Because we remand, we do not address Defendant's other issues.

{2}    This Court's calendar notice proposed to remand for ineffective assistance of counsel due to trial counsel's failure to file a motion to suppress the results of the blood draw on the basis that the blood was drawn by an emergency medical technician (EMT) at the San Juan Regional Medical Center, contrary to *State v. Garcia*, 2016-NMCA-044, 370 P.3d 791. *Garcia* held that under NMSA 1978, Section 66-8-103 (1978), an EMT is not authorized to draw blood for the purpose of determining alcohol or drug content under the Implied Consent Act (Act), NMSA 1978, Section 66-8-105 to -112 (1978, as amended through 2015), and the results of the test were therefore inadmissible. 2016-NMCA-044, ¶ 23. Based on our holding in *Garcia*, we proposed to conclude that the record on appeal established a prima facie case of ineffective assistance of counsel warranting remand to the district court for an evidentiary hearing. *See State v. Dylan J.*, 2009-NMCA-027, ¶ 42, 145 N.M.719, 204 P.3d 44 (recognizing that we "limit remand to those cases in which the record on

appeal establishes a prima facie case of ineffective assistance" (quoting *State v. Swavola*, 1992-NMCA-089, ¶ 3, 114 N.M. 472, 840 P.2d 1238).

{3} The State argues that Defendant failed to make a prima facie showing of prejudice because he cannot demonstrate the second prong of *Strickland v. Washington*, 466 U.S. 668, 687 (1984), that but for counsel's error in failing to move to suppress the blood test, the result would have been different. [MIO 5] *See Dylan J.*, 2009-NMCA-027, ¶ 38 (stating that a defense is prejudiced if, as a result of the deficient performance, "there was a reasonable probability that . . . the result of the trial would have been different" (internal quotation marks and citation omitted). Specifically, the State asserts that the result would have been the same because even if the blood test had been suppressed, there was sufficient evidence for the jury to find Defendant guilty under the impaired to the slightest degree theory, for which the jury was also instructed. *See State v. Sanchez*, 2001-NMCA-109, ¶ 6, 131 N.M. 355, 36 P.3d 446 (defining "under the influence" as meaning that the defendant was "less able to the slightest degree, either mentally or physically, or both, to exercise the clear judgment and steady hand necessary to handle a vehicle with safety to the [defendant] and the public." (alteration, internal quotation marks, and citation omitted)). [MIO 8; RP 106] The State asserts there was evidence of Defendant's slurred speech, an odor of alcohol on his person, his admission to drinking, an open can of beer in his car, his

poor performance on field sobriety tests that led officers to believe he was impaired, and a presumptive breath test taken by the homeless shelter where Defendant resided confirming the presence of alcohol. [MIO 9]

{4}     We propose to conclude that even considering the evidence to support impairment to the slightest degree, we cannot say that Defendant was not prejudiced by the blood draw results, which showed a blood alcohol content of 0.14. [DS 3] *See State v. Gardner*, 1998-NMCA-160, ¶ 21, 126 N.M. 125, 967 P.2d 465 (holding that where the only scientific evidence—blood test results—presented at trial was erroneously admitted, the court cannot say that the error is harmless despite overwhelming evidence including the defendant's erratic driving, appearance, bloodshot eyes, slurred speech, the odor of alcohol, and failed field sobriety tests).

{5}     For all of these reasons, and those stated in the calendar notice, we remand to the district court for an evidentiary hearing on Defendant's ineffective assistance of counsel claim.

{6}     **IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**

_____

4

**MICHAEL E. VIGIL, Judge**

_____

**STEPHEN G. FRENCH, Judge**